# IN THE
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **SONYA EGGLESTON on behalf of her minor child WALTER L. EGGLESTON,**  Plaintiffs,  v.  **OFFICERS A. MACIAS, STAR #5344, H. MATHEWS, STAR #3698, V. CIOCCI, STAR #12914, SGT. C. BROWN, STAR # 2235, and THE CITY OF CHICAGO,**  Defendants. | ) ) ) ) ) ) No. ) ) ) ) ) ) ) ) | FILED: JULY 11, 2008  08CV3947  JUDGE ZAGEL  MAGISTRATE JUDGE COLE  EDA |

## COMPLAINT

### COUNT I - EXCESSIVE FORCE

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Chicago, Illinois.

6. Defendants, Macias, Mathews, Ciocci, and Sgt. Brown, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants Macias, Mathews, Ciocci, and Sgt. Brown.

## THE FOURTH AMENDMENT VIOLATION

8. On January 4, 2007, Plaintiff was at or near 5112 S. Wabash St. in Chicago, IL.

9. On January 4, 2007, plaintiff was under the age of 17.

10. The Defendants did not have a search warrant for the Plaintiff.

11. The Defendants did not have an arrest warrant for the Plaintiff on January 4, 2007.

12. The Defendants did not witness the Plaintiff violate any law on January 4, 2007.

13. The Defendants ordered the Plaintiff to stop and proceeded to search the Plaintiff.

14. The Defendants proceeded to verbally threaten and curse at the Plaintiff.

15. The Defendants proceeded to physically attack the Plaintiff after their illegal stop and search of Plaintiff.

16. Plaintiff at no time relevant to this complaint hit, struck, kicked, or attempted to hit, strike, or kick the Defendants, or any other police officer.

17. As a direct and proximate result of the excessive force, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiffs pray this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants.

## COUNT II - FALSE ARREST

1. The Defendants wrote false and misleading police reports alleging that the Plaintiff resisted arrest and committed an aggravated batter of a Peace Officer.

2. Ultimately the charges of resisting and aggravated battery were dismissed.

3. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT III - STATE MALICIOUS PROSECUTION

1-17. Plaintiff re-alleges paragraphs 1-17 of Counts I and II as paragraphs 1-17 of Count III.

18. Defendants wrote false and misleading police reports regarding the arrest of

plaintiff, including but not limited to stating he resisted arrest and battered a Peace Officer on January 4, 2007.

19. Defendants knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

20. Based on the defendants' false reports, plaintiff was charged with resisting arrest and aggravated battery, as a juvenile, in case number 07 JD 81.

21. On December 10, 2007 in case number 07 JD 81 the State's Attorney's Office dismissed the resisting and aggravated battery charges.

22. Plaintiff is innocent of those charges.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants for his false arrest.

## COUNT IV - STATUTORY INDEMNIFICATION

1-22. Plaintiff re-allege paragraphs 1-22 of Counts I, II, and III as paragraphs 1-22 of Count IV.

23. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

24. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago.

<p></p>

<div />

Respectfully Submitted,

S/ Kevin Peters
THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022

5